# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| GARY W. WYATT, | Case No. 3:19-bk-32198 |
| Debtor. | Hon. Suzanne H. Bauknight, U.S.B.J. |
| CC FUNDING, A DIVISION OF CREDIT CASH NJ, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No.: 3:20-ap-3021-SHB |
| GARY W. WYATT, | |
| Defendant. | |

## RULE 26(F) JOINT DISCOVERY PLAN

On August 11, 2020, the parties, Plaintiff, CC Funding, a division of Credit Cash NJ, LLC ("Plaintiff"), and Defendant, Gary W. Wyatt ("Defendant") (collectively, the "Parties") through their respective counsel, participated in a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, incorporated into Federal Rule of Bankruptcy Procedure 7026. In accordance with Fed. R. Civ. P. 26(f)(3), the Parties submit a discovery plan as follows:

1. **Initial Disclosures:** The Parties agree that their initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made on or before September 18, 2020. The Parties do not believe that any additional changes should be made in the timing, form or requirement of disclosures under Fed. R. Civ. P. 26(a).

2. **Discovery Subject and Timing**: Discovery will be needed on the facts that relate to Plaintiff's causes of action and claims for relief, along with Defendant's affirmative defenses.

Therefore, discovery in this matter is limited to those issues raised in the pleadings, and there is no need to conduct discovery in phases. The Parties propose the following discovery and trial schedule:

a. The Parties shall file all Motions to Amend on or before October 30, 2020 except as otherwise permitted by Fed. R. Civ. P. 15.

b. The Parties shall complete all discovery, including depositions, on or before January 29, 2021.

c. Plaintiff anticipates calling no more than 1 expert witness in this matter. Defendant anticipates calling no more than 1 expert witness, however Defendant reserves the right to select rebuttal expert witness(es). The deadline for identification of experts is two hundred (200) days before trial, and deadline to provide expert reports is one hundred fifty (150) days before trial and the deadline for any rebuttals is one hundred forty (140) days before trial.

d. The parties anticipate no more than 3 depositions each. The parties will adhere to the manner and length set forth in the Federal Rules of Civil Procedure.

e. The parties shall file dispositive motions, if any, one-hundred twenty days (120) before trial. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Initial briefs shall not exceed 25 pages, and Reply briefs shall not exceed 10 pages, without leave of court.

f. Final witness and exhibit lists shall be exchanged among the Parties within twenty-one (21) days before trial.

    g. The Parties shall file proposed stipulations of fact within twenty-one (21) days before trial.

    h. The Parties expect the trial to last 1 day and request a trial start date the week of July 12, 2021.

    i. The parties will adhere to the limits on number of interrogatories as allowed by the Federal Rules of Civil Procedure.

3. **<u>Issues Relating to Electronic Discovery</u>**: The parties currently anticipate that the production of any electronic or computer-based data will be produced in its native format; however, in the event that confidential information needs to be redacted, it will be produced in pdf format. The Parties are in agreement that documents will be exchanged through email or other electronic means. The Parties will agree upon the form of production of a particular document, as needed, and will seek the court's intervention if a dispute arises that cannot be resolved through a meet and confer among the Parties.

4. **<u>Issues Relating to Claims of Privilege or Protection as Trial-Preparation</u>**: The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as protected material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed protected material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.

5. **Changes in the Limitations on Discovery**: The Parties do not believe any changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure or under Local Rules.

6. **Prompt Settlement or Resolution of the Case**: During the discovery conference, the Parties agreed that settlement is a realistic possibility. However, during the conference, it was expressed that some discovery will be needed before a realistic settlement offer will likely come to fruition. In the meantime, counsel for both parties will confer with their clients to gauge settlement interest at this time.

Respectfully submitted this 17th day of August, 2020.

/s/ *Alexandra Dugan*
Alexandra Dugan
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307
adugan@bradley.com

*Attorneys for Plaintiff*


*/s/ Edward J. Shultz (w/ permission)*
Edward J. Shultz
TARPY COX FLEISHMAN & LEVEILLE, PLLC
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
P: (865) 588-1096
eshultz@tcflattorneys.com
*Attorneys for Debtor*